IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
NOV 1 8 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

No. 5:08-HC-2108-BO

UNITED STATES OF AMERICA,  )
          Petitioner,  )
          )
v.  )
          )
PAUL N. ALDRICH,  )
          Respondent  )

No. 5:09-HC-2015-BO

UNITED STATES OF AMERICA,  )
          Petitioner,  )
          )
v.  )
          )
LEROY LEMONT CONANT,  )
          Respondent  )

No. 5:09-HC-2028-BO

UNITED STATES OF AMERICA,  )
          Petitioner,  )
          )
v.  )
          )
GEORGE O. HAMELIN,  )
          Respondent  )

Respondents are former federal prisoners who have had Certifications of a Sexually Dangerous Person pursuant to 18 U.S.C. § 4248 filed against them by the federal government under the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) ("Adam Walsh Act"). These respondents await hearings on the government's petitions for their commitment while being held at Federal Correctional Institution in Butner,

North Carolina (hereinafter "FCI - Butner"). The criminal judgment for each respondent includes a term of supervised release.[1]

Respondents have moved to dismiss the actions filed against them on the basis that section 4248 violates their right to procedural and substantive due process and denies equal protection of the laws. Respondents specifically "incorporate[] by reference the legal reasoning and holding in this Court's Order in United States v. Donald Broncheau, et al., filed October 29, 2010 . ." (United States v. Aldrich, 5:08-HC-2108-BO, D.E. # 16, United States v. Conant, 5:09-HC-2015-BO, D.E. # 11, and United States v. Hamelin, 5:09-HC-2028, D.E. # 18). Before the court are various motions to dismiss filed by each respondent, the government's responses, respondents' supplemental memoranda in support of the motions to dismiss, and the government's responses thereto. In addition, respondent Hamelin has filed a motion for hearing on the government's petition for his commitment. On October 27, 2010, the parties appeared before the court for a status hearing. In all of these cases, the issues presented by respondents and the government are the same as those resolved by this court in United States v. Broncheau, et al., 5:06-HC-2219-BO, et al., and shall be joined accordingly.[2]

---

[1]The court takes judicial notice that Aldrich sent a letter and filed a motion to clarify his term of supervised release in his criminal case. United States v. Aldrich, 1:06-CR-287-GLS-1 (N.D.N.Y.) (D.E. # 18 and 19). The criminal docket in that criminal case contains a "TEXT ONLY ORDER" which reads in part, "[t]he relief sought, whatever that might be, is denied." Id. 10/01/2010.

[2]The court notes that it discussed Conant's case within the Broncheau order. See Broncheau, 10/29/10 Order at 19 n.6.

2

## Procedural and Criminal History of Respondents

1. Paul N. Aldrich

In 2006, Aldrich was convicted and sentenced in the Northern District of New York for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and received a thirty-month term of imprisonment and a three-year term of supervised release. His projected release date was October 13, 2008.

On July 24, 2008, the government filed a certification of a sexually dangerous person pursuant to 18 U.S.C. § 4248 against Aldrich. United States v. Aldrich, No. 5:08-HC-2108-BO (E.D.N.C.) (D.E. # 1). The certification was based on a 1989 New York state conviction for Sexual Abuse in the First Degree. Id.

2. Leroy Lemont Conant

In 2006, Conant was convicted in the Western District of Michigan of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and received a thirty-month term of imprisonment and a three-year term of supervised release. His projected release date was February 3, 2009.

On January 30, 2009, the government filed a certification of a sexually dangerous person pursuant to 18 U.S.C. § 4248 against Conant. United States v. Conant, No. 5:09-HC-2015-BO (E.D.N.C.) (D.E. # 1). The certification is based on a prior 1992 Michigan state conviction for Assault with Intent to Commit Criminal Sexual Conduct-Second Degree and Indecent Exposure-Sexually Delinquent Person and evidence of behavior which did not result in a conviction. Id., see also Broncheau, 10/29/10 Order at 19 n.6.

3

3.  George O. Hamelin

In 1997, Hamelin was convicted in the Northern District of Florida of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and received a 78-month term of imprisonment, a concurrent 60-month term of imprisonment, and 3-year terms of supervised release for each conviction. His projected release date was February 28, 2009.

On February 27, 2009, the government filed a certification of a sexually dangerous person pursuant to 18 U.S.C. § 4248 against Hamelin. United States v. Hamelin, No. 5:07-HC-2102-BO (E.D.N.C.) (D.E. #1). The certification is based on respondent's federal convictions, described in the certification as "his current offense conduct[,]" as well as a 1996 Florida state conviction of Lewd and Lascivious Act Upon a Child Under 16 Years of Age and Possession of Photographic Material Which Includes Sexual Conduct by a Child and 1984 Massachusetts state convictions for Disseminating Obscene Matter to a Minor and Possession of Matter Harmful to Minors. Id.

## Discussion and Conclusion

The court finds that respondents now before the court are entitled to the same relief as respondents in the prior Broncheau order. The criminal judgment for each respondent includes a term of supervised release. Therefore, based on the holding in Broncheau and incorporating the holding in its entirety, respondents are entitled to relief.

On this basis, respondents' motions to dismiss are GRANTED, Hamelin's motion for hearing is DENIED WITHOUT PREJUDICE, and the court DIRECTS that respondents be released within thirty days to begin their terms of supervised release.

SO ORDERED, this the 18 day of November 2010.

                                                  TERRENCE W. BOYLE
                                                 UNITED STATES DISTRICT JUDGE